**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California  91301
(818) 991-8080; Fax (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**LAW OFFICES OF RHEUBAN & GRESEN**
Solomon E. Gresen, Esq. (SBN 164783)
Steven V. Rheuban, Esq. (SBN 48538)
15910 Ventura Boulevard, Suite 1610
Encino, California  91436
Telephone:  (818) 815-2727
Facsimile:  (818) 815-2737
seg@rglawyers.com
svr@rglawyers.com

Attorneys for Plaintiffs Evan Hightower and Ann Ross

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EVAN HIGHTOWER and ANN ROSS, individually and on behalf of other individuals similarly situated

     Plaintiffs,

v.

WASHINGTON MUTUAL BANK, JPMORGAN CHASE BANK, N.A. for itself and as successor in interest to Washington Mutual Bank, and DOES 1-10, Inclusive,

    Defendants.

CASE NO. **CV11  01802** PSG PLAx

**CLASS ACTION (FRCP 23)**

**COMPLAINT FOR DAMAGES**
1. **Violations of the Fair Labor Standards Act(29 U.S.C. § 216(B);**
2. **Failure to Pay Overtime Compensation in Violation of Cal.** *Labor Code* **§1194,** *et seq.***;**
3. **Failure to Allow and Pay for Meal and Rest Breaks Under Cal.** *Labor Code* **§§200, 226.7, 512, and §12 of CCR Title 8, Chapter 5, §11040;**
4. **Failure to Furnish an <u>Accurate</u> Itemized Wage Statement upon Payment of Wages in Violation of Cal.** *Labor Code* **§226;**
5. **Failure to Pay Compensation, Upon Discharge in Violation of Cal.** *Labor Code* **§§201-203;**
6. **Violation of Cal.** *B&P Code* **§§17200** *et seq.*

**DEMAND FOR JURY TRIAL**

1

COMES NOW, Plaintiffs Evan Hightower and Ann Ross and on their own behalf and on behalf of all similarly situated persons, and for causes of action against Defendants, and each of them, allege as follows:

## NATURE OF THE ACTION

1.     This matter is brought as a class action pursuant to *Federal Rules of Civil Procedure* Rule 23, as well as pursuant to applicable laws of the State of California.

2.     Chase is one of the world's largest financial institutions and provides financial services – including banking, lending, credit card and insurance services – to individual and business consumers nationwide.

3.     Chase's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its retail branch facilities throughout the country. In particular, Chase requires its employees to be present and perform work in excess of eight hours per day and/or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked. Also, Chase requires such employees to perform work tasks during unpaid breaks, fails to provide meal and rest breaks, fails to timely compensate employees for all wages earned at termination, and fails to properly and accurately calculate overtime and report wages earned, hours worked, and wage rates.

4.     Chase's deliberate failure to pay its retail branch employees their earned wages and overtime compensation violates the federal Fair Labor Standards Act ("FLSA"), the California Labor Code and the California Business & Professions Code, as well as other state labor laws nationwide.

5.     Plaintiffs brings a collective action claim under § 216(b) of the FLSA against Chase for unpaid overtime compensation related damages on behalf of themselves and all other similarly situated non-exempt retail branch employees nationwide (the "FLSA Retail Branch Named Plaintiffs") and a class action under Federal Rule of Civil Procedure 23 against Chase on behalf of all non-exempt retail branch employees employed in California for unpaid compensation; unpaid overtime

COMPLAINT FOR DAMAGES

1  compensation; penalties for failing to provide meal and rest periods, failing to provide

2  itemized wage statements and failing to provide vacation pay; waiting time penalties

3  and other related penalties and damages under the California Labor Code and

4  California Business & Professions Code.

5  **JURISDICTION AND VENUE**

6      6.    This Court has original federal question jurisdiction under 28 U.S.C.

7  § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.  This Court

8  has supplemental jurisdiction for all claims asserted under the California *Labor Code*

9  and the California *Business & Professions Code*, in that the claims under these

10  California state laws are part of the same case and controversy as the FLSA claims,

11  the state and federal claims derive from a common nucleus of operative fact, the state

12  claims will not substantially dominate over the FLSA claims, and exercising

13  supplemental jurisdiction would be in the interests of judicial economy, convenience,

14  fairness and comity.

15      7.    Independently, this Court has original jurisdiction for the California state

16  law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the

17  estimated damages involved in the California claims will exceed $5,000,000

18  and the parties to this action are residents of different states.

19      8.    The United States District Court for the Central District of California has

20  personal jurisdiction because Chase conducts business within this District.

21      9.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that

22  Defendants are subject to personal jurisdiction in this district at the time action was

23  commenced and, pursuant to 28 U.S.C. §§ 1391(b)(c), because a substantial part of

24  the events or omissions giving rise to the claims asserted herein occurred and had

25  their primary effect in this judicial district.

26  **PARTIES**

27      10.    Defendant JPMorgan Chase Bank, N.A. is a nationally chartered bank

28  with its principal place of business in Chicago.  JPMorgan Chase Bank, N.A. does

**COMPLAINT FOR DAMAGES**

1  business in this judicial district and nationwide.

2     11.   Plaintiffs are informed and believe, and thereon allege, that prior to

3  September 25, 2008, Washington Mutual Bank was the banking operation of

4  Washington Mutual, Inc., doing business within the state of California.

5     12.   Plaintiffs are informed and believe, and thereon allege, that on or about

6  September 25, 2008 Defendant  JPMorgan Chase Bank, N.A. acquired the banking

7  operations of WaMu in a transaction facilitated by the Federal Deposit Insurance

8  Corporation.  Chase acquired the assets and assumed the qualified financial contracts

9  of WaMu.  Initially most, if not all, WaMu branches were reopened under the name

10  "Chase."  As such, Chase became the successor in interest to the obligations of

11  WaMu to the WaMu "banking loan consultants," such as Plaintiffs and the Plaintiff

12  class.

13     13.   Chase Defendants are corporations engaged in the mortgage banking

14  business in the State of California.  Said Defendants were at all times doing business

15  throughout the State of California and have various offices located in the County of

16  Los Angeles.  Many of the members of the plaintiff class, including the representative

17  Plaintiffs named herein, have been employed during the class period in Los Angeles

18  County.  The practices and policies which are complained of by way of this complaint

19  are enforced throughout the State of California, including Los Angeles County.

20     14.   Plaintiff Evan Hightower resides in Los Angeles County, State of

21  California.  Said Plaintiff was employed by Chase Defendants as a "banker" in Chase

22  Defendants' branch office in Marina Del Rey, located in Los Angeles County,

23  California, during the class period.  Plaintiff Hightower was originally hired by

24  WaMu in or about April, 2007 as a "personal banker".  In September, 2008 his title

25  was changed to "banker" and his employment with Chase Defendants ended in or

26  about April, 2010.  Plaintiff Hightower is a member of the plaintiff class and of

27  sub-class No. 1.

28     15.   Plaintiff Ann Ross resides in Los Angeles County, State of California.

4

1   Said Plaintiff was employed by Chase Defendants as a "teller" in Chase Defendants'

2   branch office located in Los Angeles county, California, during the class period.

3   Plaintiff Ross was originally hired by WaMu in or about April, 2006 as a "personal

4   financial representative".   In October of 2009 she became a "teller"  and her

5   employment with Chase Defendants ended in or about October, 2009.  Plaintiff Ross

6   is a member of the plaintiff class and of sub-class No. 1.

7                              **FACTUAL ALLEGATIONS**

8        16.   Chase is one of the world's largest financial institutions, serving more

9   than 58 million customers worldwide and generating over $100 billion in revenues.

10  See   2009   Chase   Annual   Report   28,   available

11  athttp://files.shareholder.com/downloads/ONE/1180675325x0x362439/a51db960-

12  bda2-4e30-aacd-3c761b81ba75/2009_AR.pdf.

13       17.   To service the financial needs of its individual and business customers,

14  Chase operates approximately 5,154 retail locations in 23 states throughout the

15  United States. (See *Id.*)

16       18.   At all relevant times, Chase has been, and continues to be, an "employer"

17  engaged in the interstate "commerce" and/or in the production of "goods" for

18  "commerce" within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times,

19  Chase has employed, and/or continues to employ, "employee[s]," including each of

20  the Plaintiffs, including the putative Class Members. At all times relevant herein,

21  Chase has had gross operating revenues in excess of the $500,000.00 threshold test

22  for the "enterprise" requirement under the FLSA.

23       19.   At all relevant times, Chase has been, and continues to be, a "person" as

24  that term is defined under the California Business & Professions Code § 17021, and

25  the California Labor Code § 1-29.5.

26       20.   In its retail branch locations, Chase employs non-exempt workers under

27  several job titles, including, but not limited to "Tellers" and "Bankers"(collectively

28  "Retail Branch Employees").

**COMPLAINT FOR DAMAGES**

21.     These Retail Branch Employees are all classified as non-exempt by Chase and entitled to receive overtime pay. Retail Branch Employees are paid an hourly wage based upon a forty hour work week.

22.     The primary job of Retail Branch Employees is to assist customers with their banking needs, including: opening and closing the bank branch, counting money, maintaining the cashier's drawer, performing bank transactions (including withdrawals and deposits), offering and selling financial products and services, taking loan applications and handling other customer service requests.

23.     All Retail Branch Employees are similarly situated in that they share common job duties and descriptions and are all subject to Chase's policy and practice that requires them to perform work, including overtime, without compensation.

24.     The requirement to work overtime by Retail Branch Employees was frequent and unavoidable and Retail Branch Employees were required to work overtime hours in order to complete their job duties, including after their shift, as well as on their meal and rest breaks.

25.     Chase implements its unlawful policy and practice of failing to pay for all overtime hours worked by Retail Branch Employees under the following means: (a) Chase does not allow them to record all hours worked, including hours in excess of forty per work week; (b) Chase erases or modifies their recorded hours, or requires them to erase or modify their recorded hours, to eliminate or reduce hours worked, including hours in excess of forty per work week; and/or (c) Chase requires them to work during uncompensated breaks.

26.     Chase could easily and accurately record the actual time worked by all Retail Branch Employees, including, for example, by providing a punch card clock at the door of the retail branches. However, Chase has failed to install an immutable time-keeping system that was not subject to manipulation.

27.     In light of Chase's failure to accurately record time worked, Chase failed to provide accurate wage statements to Retail Branch Employees identifying all hours

**COMPLAINT FOR DAMAGES**

1  worked.

2      28.    The same unlawful practices and procedures described above affect

3  non-exempt Chase workers employed nationwide, including in the state of California.

4      29.    Chase engaged in systematic and uniform time-keeping practices with

5  respect to its overtime eligible associates that were unlawful, unfair and deceptive to

6  Chase's overtime eligible associates.

7      30.    The net effect of Chase's policy and practice, instituted and approved by

8  company managers, is that Chase willfully fails to pay overtime compensation and

9  willfully fails to keep accurate time records, in order to save payroll costs.  Chase

10  enjoys millions of dollars in ill-gained profits at the expense of its hourly employees.

11      31.    Plaintiffs are currently in the process of complying with the procedures

12  for bringing suit specified in California Labor Code §2699.3.  By letter dated

13  March 1, 2011, Plaintiffs gave written notice by certified mail to the Labor and

14  Workforce Development Agency, and defendants, of the specific provisions of the

15  Labor Code alleged to have been violated, including the facts and theories to support

16  the alleged violations.

17  **CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS**

18  **A.     FLSA Collective Actions.**

19      32.    FLSA Retail Branch Class: Plaintiffs bring Cause of Action One, the

20  FLSA claim, as a nationwide "opt-in" collective action pursuant to 29

21  U.S.C.§ 216(b), on behalf of themselves and on behalf of the following class of

22  persons:

23          All current and former non-exempt employees of Chase who have

24          worked in the United States at a Chase retail branch at any time

25          during the last three years, plus periods of applicable tolling.

26      33.    The FLSA claim may be pursued by those who opt-in to this case,

27  pursuant to 29 U.S.C. § 216(b) and who have previously filed consent to join forms

28  in any of the transferred actions.

7

**COMPLAINT FOR DAMAGES**

34.   Plaintiffs individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Chase's practice of failing to accurately record all hours worked, failing to pay employees for all hours worked, including overtime compensation, and failing to properly calculate and pay overtime compensation that was recorded.  The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from Chase's records, and potential class members may easily and quickly be notified of the pendency of this action.

**B.     California Rule 23 Classes.**

35.   California Retail Branch Class: Plaintiffs bring Causes of Action Two through Six as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of themselves and the following class of persons:

> All current and former non-exempt employees of Chase who have
> worked in California at a retail bank branch at any time since March 2,
> 2007

> Sub-Class 1:

>> All class members whose employment with Defendants has
>> ended.

36.   Excluded from the California Retail Branch Class are Chase, any entity in which Chase has a controlling interest or which has a controlling interest in Chase, and Chase's legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

37.   The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the California Retail Branch Class.

38.   Plaintiffs are informed and believe, and on that basis allege, that during the class period, hundreds, if not thousands of class members have been employed by Chase Defendants as "tellers" and/or "bankers" in the State of California.  Because

**COMPLAINT FOR DAMAGES**

so many persons have been employed by Chase Defendants as "tellers" and/or "bankers", the members of the plaintiff class are so numerous that joinder of all members is impossible and/or impracticable.

39.    Plaintiffs' claims are typical of the members of the plaintiff class. Plaintiffs, like other members of the class of "tellers" and/or "bankers" working for Chase in California, were subjected to Chase's policy and practice of refusing to pay overtime in violation of California Wage and Hour laws. Plaintiffs' job duties were and are typical of those of other class members who worked for Chase as "tellers" and/or "bankers" in California.

40.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate defendant like Chase. In the absence of a class action, Chase would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of the California state laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Chase's conduct over and over again.

41.    Common questions of law, in fact, exist as to all members of the plaintiff class and predominate over any questions affecting solely individual members of the plaintiff class.   Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a.    Whether Chase's policies and practices described in this

9

Complaint were and are illegal;

b.   Whether Chase has engaged in a common course of failing to compensate its non-exempt employees for all hours worked, including straight time and overtime;

c.   Whether Chase has engaged in a common course of requiring or permitting its non-exempt employees to work off the clock without compensation;

d.   Whether Chase has engaged in a common course of requiring or permitting its non-exempt employees not to report all hours worked;

e.   Whether Chase has engaged in a common course of failing to maintain true and accurate time records for all hours worked by its non-exempt employees;

f.   Whether Chase has engaged in a common course of failing to factor in all forms of remuneration to calculate overtime pay rates;

g.   Whether Chase has engaged in a common course of failing to provide nonexempt employees with accurate itemized wage statements;

h.   Whether Chase has engaged in a common course of altering the time records of its non-exempt employees;

i.   Whether Chase has engaged in a common course of failing to provide its non-exempt employees with rest breaks;

j.   Whether Chase has engaged in a common course of failing to provide its non-exempt employees with uninterrupted meal breaks;

k.   Whether Chase has engaged in a common course of failing to pay nonexempt employees all wages due upon termination;

**COMPLAINT FOR DAMAGES**

1             l.     Whether Chase has engaged in a common course of failing to pay

2                  its nonexempt employees for all vested and unused vacation pay

3                  at the time of termination;

4             m.    Whether Chase has engaged in unfair competition by the

5                  above-listed conduct; and

6             n.     Whether Chase's actions were willful.

7      42.    The Class Representatives will fairly and adequately protect the interests

8 of their respective Classes. The Class Representatives have retained competent and

9 capable attorneys who are experienced trial lawyers with significant experience in

10 complex and class action litigation, including employment litigation. The Class

11 Representatives and their counsel are committed to prosecuting this action vigorously

12 on behalf of the various Classes and have the financial resources to do so. Neither

13 the Class Representatives nor their counsel have interests that are contrary to or that

14 conflict with those of the proposed Classes.

15      43.    Class certification of the respective classes is appropriate under Federal

16 Rule of Civil Procedure 23(b)(3) because questions of law and fact common to class

17 members predominate over any questions affecting only individual members.

18 Adjudication of these common issues in a single action has important and desirable

19 advantages of judicial economy. Moreover, there are no unusual difficulties likely to

20 be encountered in the management of this case as a class action.

21      44.    Chase has acted or refused to act on grounds generally applicable to the

22 California Classes, thereby making final injunctive relief or corresponding

23 declaratory relief appropriate with respect to the California Classes as a whole.

24 Prosecution of separate actions by individual members of the California Classes

25 would create the risk of inconsistent or varying adjudications with respect to

26 individual members of the California Classes that would establish incompatible

27 standards of conduct for Chase.

28      45.    Plaintiffs know of no difficulty which will be encountered in the

**COMPLAINT FOR DAMAGES**

1    management of this litigation which would preclude its maintenance as a class action.

2    **FIRST CAUSE OF ACTION**

3    **FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(B))**

4    **(BROUGHT BY PLAINTIFFS AND THE FLSA RETAIL BRANCH CLASS)**

5    46.     At all times material herein, Plaintiffs have been entitled to the rights,

6    protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

7    47.     The FLSA regulates, among other things, the payment of overtime pay

8    by employers whose employees are engaged in interstate commerce, or engaged in

9    the production of goods for commerce or employed in an enterprise engaged in

10    commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

11    48.     Chase is subject to the overtime pay requirements of the FLSA because

12    it is an enterprise engaged in interstate commerce and its employees are engaged in

13    commerce.

14    49.     Chase violated the FLSA by failing to pay and properly calculate

15    overtime. In the course of perpetrating these unlawful practices, Chase has also

16    willfully failed to keep accurate records of all hours worked by its employees.

17    50.     Chase failed to compensate Plaintiffs and the FLSA Retail Branch Class

18    at a rate of not less than one and one-half times the regular rate of pay for work

19    performed in excess of forty hours in a work week, and therefore, Chase has violated,

20    and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C.

21    § 207(a)(1).

22    51.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain

23    categories of employees from overtime pay obligations. None of the FLSA

24    exemptions apply to Plaintiff and the FLSA Retail Branch Class.

25    52.     Plaintiffs and the FLSA Retail Branch Class are victims of a uniform and

26    company-wide compensation policy. Upon information and belief, Chase is applying

27    this uniform policy of illegally reducing or modifying recorded hours, including

28    overtime to all non-exempt Retail Branch Employees employed nationwide during

the last three years.  Additionally, Chase is applying its uniform policy of: refusing to allow Plaintiffs and the FLSA Retail Branch Class to properly record all hours worked, including hours worked in excess of forty per work week; erasing or modifying their timesheets to eliminate or reduce hours worked, including overtime hours; providing "comp time" in lieu of paying overtime; requiring them to work during uncompensated breaks; and failing to pay overtime on bonus pay.

53.    Plaintiffs and the FLSA Retail Branch Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Chase acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

54.    Chase has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Retail Branch Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Chase did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiffs and the FLSA Retail Branch are entitled to an award of pre-judgment interest at the applicable legal rate.

55.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Chase from Plaintiffs and the FLSA Retail Branch Class. Accordingly, Chase is liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiffs and the FLSA Retail Branch Class, pray for relief as follows:

**COMPLAINT FOR DAMAGES**

1       a.     Designation of this action as a collective action on behalf of the

2 proposed FLSA classes and promptly issue notice pursuant to 29 U.S.C. § 216(b) to

3 all members of the FLSA Retail Branch opt-in class apprising them of the pendency

4 of this action and permitting them to assert timely FLSA claims in this action by

5 filing individual consents to join pursuant to 29 U.S.C. § 216(b);

6       b.     A declaration that Chase is financially responsible for notifying all FLSA

7 Class Members of its alleged wage and hour violations;

8       c.     Designation of Marlin & Saltzman LLP, and the Law Offices of Rheuban

9 & Gresen as the attorneys representing the putative collective action plaintiffs;

10       d.     A declaratory judgment that the practices complained of herein are

11 unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

12       e.     An award of damages for overtime compensation due to Plaintiffs and

13 the FLSA Retail Branch Class, including liquidated damages, to be paid by Chase;

14       f.     Costs and expenses of this action incurred herein, including reasonable

15 attorneys' fees and expert fees;

16       g.     Pre-Judgment and post-Judgment interest, as provided by law; and

17       h. Any and all such other and further legal and equitable relief as this Court

18 deems necessary, just and proper.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### IN VIOLATION OF CAL. *LABOR CODE* §1194, *et seq.*

### (Against All Defendants

### On behalf of Plaintiffs and the California Rule 23 Class)

24      56.    Plaintiffs hereby reallege, and incorporate by reference as though set

25 fully forth herein, the allegations contained in paragraphs 1 through 55.

26      57.    Pursuant to Industrial Welfare Commission Order 4, California *Code of*

27 *Regulations*, Title 8, Chapter 5, §11040, §12, and *Labor Code* §§200, 226, 500, 510,

28 512, 1194, and 1198, Defendants were required to compensate Plaintiffs and members

**COMPLAINT FOR DAMAGES**

of the class for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day; with double time after eight (8) hours on the seventh day of any work week, or after 12 hours in any work day.

58.    Plaintiffs and members of the plaintiff class were and are non-exempt employees entitled to the protections of Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and *Labor Code* §§200, 226, 500, 510, 512, 1194, and 1198.  During the course of Plaintiffs' employment, and during the course of the employment of the members of the class, Defendants failed to compensate Plaintiffs and the class for overtime hours worked as required under the aforementioned labor codes and  regulations.

59.    Under the aforementioned wage orders, statutes, and regulations, Plaintiffs and members of the class are entitled to one and one-half (1½) times and/or double their regular rate of pay for overtime work performed during the four (4) years preceding the filing of this Complaint, based on appropriate calculations of the "total remuneration" for each workweek.

60.    In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the class for all wages earned and all hours worked.  As a direct result, Plaintiffs and the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

61.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the class, from improper motives amounting to malice, and in conscious disregard of Plaintiffs'

15

**COMPLAINT FOR DAMAGES**

1  rights and the rights of the class.  Plaintiffs and the class are thus entitled to recover

2  nominal, actual, compensatory, punitive, and exemplary damages in amounts

3  according to proof a time of trial, but in amounts in excess of the minimum

4  jurisdiction of this Court.

5      62.    Defendants' conduct described herein violates Industrial Welfare

6  Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and

7  *Labor Code* §§200, 226, 500, 510, 512 and 1198.  Therefore, pursuant to *Labor Code*

8  §§200, 203, 226, 226.7, 512, 558 and 1194, Plaintiffs and the class are entitled to

9  recover the unpaid balance of overtime compensation Defendants owe Plaintiffs and

10  the class, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

11      WHEREFORE, Plaintiffs request relief as hereinafter provided.

12  **THIRD CAUSE OF ACTION**

13  **FAILURE TO ALLOW AND PAY FOR MEAL AND REST BREAKS**

14  **UNDER CAL. LABOR CODE §§200, 226.7, 512, AND §12 OF**

15  **CCR TITLE 8, CHAPTER 5, §11040**

16  **(Against All Defendants On behalf of**

17  **Plaintiffs and the California Rule 23 Class)**

18      63.    Plaintiffs hereby reallege, and incorporate by reference as though set

19  fully forth herein, the allegations contained in paragraphs 1 through 62.

20      64.    At all times relevant herein, Defendants were required to compensate

21  their hourly employees for all hours worked upon reporting for work at the appointed

22  time stated by the employer, pursuant to Industrial Welfare Commission Order 4,

23  California *Code of Regulations*. Title 8, Chapter 5, §11040, §12, and *Labor Code*

24  §§200, 226, 226.7, 500, 510, 1197, 1194 and 1198.

25      65.    For the four (4) years preceding the filing of this action, Defendants

26  failed to compensate Plaintiffs and members of the California Rule 23 Class for all

27  hours worked by not compensating them for work performed.  Defendants failed to

28  pay applicable minimum wages; Defendants failed to provide breaks as required by

law; defendants failed to compensate employees for overtime based on "total remuneration" for the work week; Defendants failed to pay for meal periods; Defendants did not accurately record hours worked; Defendants failed to properly itemize wages; and other reasons to be discovered.

66.     Under the aforementioned wage orders and regulations, Plaintiffs and the California Rule 23 Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to *Labor Code* §§218.5, 1194, and penalties pursuant to *Labor Code* §§203 and 226, 226.7, and 558.

67.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and plaintiff class for all wages earned and all hours worked. As a direct result, Plaintiffs and plaintiff class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and members of the California Rule 23 Class, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs and plaintiff class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amount according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

68.     As a proximate result of the aforementioned violations, Plaintiffs and the California Rule 23 Class have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

69.     Defendants' conduct described herein violates Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and

**COMPLAINT FOR DAMAGES**

*Labor Code* §§200, 203, 218.5, 226, 226.7, 512, 558, 1194, and 1198. Therefore, pursuant to California *Code of Regulations*, Title 8, §11040, §12 and *Labor Code* §§203, 218.5, 226, 226.7, 512, 558, 1194 and 1198, Plaintiffs and the California Rule 23 Class are entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by Defendants' policies, liquidated damages for underpayment of minimum wages, penalties, reasonable attorneys' fees, expenses, and costs of suit.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

### FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT UPON PAYMENT OF WAGES IN VIOLATION OF CAL. LABOR CODE §226

**(Against All Defendants On behalf of Plaintiffs and the California Rule 23 Class)**

70.    Plaintiffs hereby reallege, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 69.

71.    *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall ... at the time of each payment of wages, furnish his or her employees ... an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee...(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis...." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

72.    Defendants failed to accurately record the overtime hours worked by

**COMPLAINT FOR DAMAGES**

1   Plaintiffs and the California Rule 23 class members.

2        73.    Additionally, Defendants failed to accurately itemize the piece-rate units

3   earned by Plaintiffs and the California Rule 23 Class, by failing to break down their

4   incentive pay for production goals set for the amount of loans closed in a month

5   and/or pay period.

6        74.    Plaintiffs and California Rule 23 class members were damaged by these

7   failures because, among other things, the failures hindered Plaintiffs and the

8   California Rule 23 Class from determining the amounts of wages actually owed to

9   them.

10       75.    Plaintiffs and plaintiff class members request recovery of *Labor Code*

11  § 226(e) penalties according to proof, as well as interest, attorney's fees and costs

12  pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or

13  other statutes.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY COMPENSATION UPON DISCHARGE

### IN VIOLATION OF CAL. LABOR CODE §§201-203

### (Against All Defendants On behalf of Plaintiffs

### and the California Rule 23 Sub-Class)

19       76.    Plaintiffs hereby reallege, and incorporate by reference as though set

20  fully forth herein, the allegations contained in paragraphs 1 through 75.

21       77.    *Labor Code* § 201 provides, in relevant part, "[I]f an employer

22  discharges an employee, the wages earned and unpaid at the time of discharge are due

23  and payable immediately."

24       78.    *Labor Code* § 202 provides, in relevant part, "[I]f an employee not

25  having a written contract for a definite period quits his or her employment, his or her

26  wages shall become due and payable not later than 72 hours thereafter, unless the

27  employee has given 72 hours previous notice of his or her intention to quit, in which

28  case the employee is entitled to his or her wages at the time of quitting."

**COMPLAINT FOR DAMAGES**

79.     Pursuant to *Labor Code* §201, upon former employee Plaintiffs' and class members' termination dates, Defendants were required to pay Plaintiffs and the California Rule 23 Sub-Class members all earned. At the time of Plaintiffs' and the California Rule 23 Sub-Class members' respective termination dates, Plaintiffs and class members had unpaid wages, which wages included earned and unpaid commissions and monthly "draws." In violation of *Labor Code* §201, Defendants failed to pay former employee Plaintiffs and the the California Rule 23 Sub-Class members all of the amount of wages due and owing them, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

80.     Defendants' failure to pay former employee Plaintiffs and the California Rule 23 Sub-Class respective wages due and owing them was willful, and done with the wrongful and deliberate intention of injuring Plaintiffs and the California Rule 23 Sub-Class members, from improper motives amounting to malice, and in conscious disregard of their rights.

81.     Defendants' willful failure to pay former employee Plaintiffs and the California Rule 23 Sub-Class all of the wages due and owing them constitutes violations of *Labor Code* §§201 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, former employee Plaintiffs and the California Rule 23 Sub-Class members are each entitled to penalties pursuant to *Labor Code* §203.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA

### BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*

### (Against All Defendants On behalf of Plaintiffs

### and the California Rule 23 Class)

82.     Plaintiffs hereby reallege, and incorporate by reference as though set fully herein, the allegations contained in paragraphs 1 through 81.

20

**COMPLAINT FOR DAMAGES**

83.     By violating the statutes and regulations laid out in this Complaint, and incorporated by reference hereto, and unfairly deducting wages for "errors" from Plaintiffs' and the California Rule 23 Class members' pay, and failing to furnish an accurate itemized wage statement, Defendants' acts constitute unfair and unlawful business practices under *Business and Professions Code* §17200, *et seq.*

84.     Defendants' violations of California wage and hour laws and illegal payroll practices or payment policies constitute a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs and the California Rule 23 Class members.

85.     For the four (4) years preceding the filing of this action, Plaintiffs and the California Rule 23 Class members have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of plaintiff class pray for judgment as follows:

1.     For nominal damages;

2.     For compensatory damages;

3.     For restitution of all monies due to Plaintiffs and members of the plaintiff class, and disgorged profits from the unlawful business practice of Defendants;

4.     For waiting time penalties pursuant to *Labor Code* §203;

5.     For Penalties pursuant to *Labor Code* §§206, 226, 226(e), 226.7, 512, 558, 1194, and 1194.2;

6.     For interest accrued to date;

7.     Injunctive relief enjoining Defendants from engaging in the unlawful and unfair business practices complained of herein;

8.     For all penalties permitted by California's Private Attorney General's Act

**COMPLAINT FOR DAMAGES**

1             (PAGA), *Labor Code* §2698, *et seq.*, based on all of the alleged

2             statutory violations set forth in this Complaint;

3    9.      For costs of suit and expenses incurred herein pursuant to *Labor Code*

4             §§226 and 1194;

5    10.     For reasonable attorneys' fees pursuant to *Labor Code* §§218.5, 226,

6             and 1194; and,

7    11.     For all such other and further relief that the Court may deem just and

8             proper.

9

10   DATED:   March 1, 2011      **MARLIN & SALTZMAN, LLP**
                                     **LAW OFFICES OF RHEUBAN & GRESEN**

11

12                         By: _____

13                               Kiley L. Grombacher, Esq.
                              Attorneys for Plaintiffs and plaintiff class

14

15

16                               **DEMAND FOR JURY TRIAL**

17         NAMED PLAINTIFFS hereby demand a jury trial.

18

19   DATED:   March 1, 2011      **MARLIN & SALTZMAN, LLP**
                                       **LAW OFFICES OF RHEUBAN & GRESEN**

20

21

22                         By: _____
                              Kiley L. Grombacher, Esq.
                              Attorneys for Plaintiffs and plaintiff class

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 1802 PSG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**ORIGINAL**

Name & Address:
Stanley D. Saltzman (SBN 90058); Louis M. Marlin
(SBN 54053); Marcus J. Bradley (SBN 174156);
Kiley L. Grombacher (SBN 245960)
MARLIN & SALTZMAN, LLP, 29229 Canwood St.,
#208, Agoura Hills, CA, 91301 (818) 991-8080

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN HIGHTOWER and ANN ROSS, individually and on behalf of other individuals similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>WASHINGTON MUTUAL BANK, JPMORGAN CHASE BANK, N.A. for itself and as successor in interest to Washington Mutual Bank, and DOES 1-10, Inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 01802 PSGPLAx**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): WASHINGTON MUTUAL BANK, JPMORGAN CHASE BANK, N.A. for itself and as successor in interest to Washington Mutual Bank, and DOES 1-10, Inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Kiley L. Grombacher, Esq. _____, whose address is Marlin & Saltzman, 29229 Canwood St., Suite 208, Agoura Hills, CA, 91301 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: ____MAR - 2 2011____       By: _____
                                              Deputy Clerk

                                              *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| EVAN HIGHTOWER and ANN ROSS | WASHINGTON MUTUAL BANK, JPMORGAN CHASE BANK, N.A. for itself and as successor in interest to Washington Mutual Bank, and DOES 1-10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stanley D. Saltzman (SBN 90058); Louis M. Marlin (SBN 54053); Marcus J. Bradley (SBN 174156); Kiley L. Grombacher (SBN 245960); MARLIN & SALTZMAN, 29229 Canwood St., #208, Agoura Hills, CA 91301 (818) 991-8080 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FLSA; Labor Code Secs. 200, 201-203, 226, 512, 1194; Bus.& Prof. Code Sec. 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY:   Case Number: | CV11  01802 |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Evan Hightower - Los Angeles<br>Ann Ross - Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Washington Mutual Bank - Los Angeles<br>JPMorgan Chase Bank - Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                               Date  March 1, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |