**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
(818) 991-8080; Fax (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**LAW OFFICES OF RHEUBAN & GRESEN**
Solomon E. Gresen, Esq. (SBN 164783)
Steven V. Rheuban, Esq. (SBN 48538)
15910 Ventura Boulevard, Suite 1610
Encino, California   91436
Telephone:   (818) 815-2727
Facsimile:    (818) 815-2737
seg@rglawyers.com
svr@rglawyers.com

Attorneys for Plaintiffs Evan Hightower , Ann Ross,
Regina M. Simpson and Regina Sturdivant

(*Additional Counsel Information on Subsequent Page*)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN HIGHTOWER and ANN ROSS, individually and on behalf of other individuals similarly situated<br><br>        Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., and DOES 1-10, Inclusive,<br><br>        Defendants. | **CASE NO. CV11-01802-PSG (PLAx)**<br><br>Related Cases:<br>2:11-cv-04294-PSG-PLAx<br>11-cv-6061-PSG-FMOX<br>11-cv-03428-PSG-PLAx<br>11-cv-08147-PSG-PLAx<br>11-cv-09727-PSG-JC<br><br>Hon. Philip S. Gutierrez<br><br>**MOTION FOR TOLLING OF STATUTE OF LIMITATIONS FOR FLSA CLASS MEMBERS**<br><br>DATE:        January 30, 2012<br>TIME:         1:30 p.m.<br>CTRM:        880 |

Raul Perez (SBN 174687)
rperez@initiativelegal.com
Melissa Grant (SBN 205633)
mgrant@initiativelegal.com
Suzy E. Lee (SBN 271120)
suzylee@initiativelegal.com
**INITIATIVE LEGAL GROUP APC**
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029

William B. Sullivan (SBN 171637)
Kevin D. Sullivan (SBN 270343)
ksullivan@sullivanandchristiani.com
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
Telephone:   (619) 702-6760
Facsimile:   (619) 702-6761

Attorneys for Plaintiffs
Carolyn Salazar and Roger Al-Chaikh

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RELEVANT PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Filing & Consolidation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Drafting a Consolidated Complaint. . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.    Status of Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  GUIDING LEGAL AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    There is No Automatic Tolling of the Statute of Limitations
            In FLSA Collective Actions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    This Court May Use Its Equitable Powers To Toll The
            Statute Of Limitations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.   ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    Equitable Tolling is Justified in this Case To Prevent The Loss
            of Class Member Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.    Defendants Will Not be Prejudiced by an Equitable Toll. . . . . . . . . 9

V.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

Page

## STATE CASES

*Gentry v. Superior Court*
    42 Cal.4th 443 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


## FEDERAL CASES

*Adams v. Inter-Con Security Systems*
    242 F.R.D. 530 (N.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Allison v. Frito-Lay, Inc.*
    1992 WL 123799, *4 (D. Kan. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Baldozier v. American Family Ins. Mutual*
    375 F.Supp.2d 1089 (D. Colo. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Beauperthuy v.24 Hour Fitness USA, Inc.*
    2007 WL 707475, *7-8 (N.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

*Bonilla v. Las Vages Cigar Co.*
    61 F.Supp.2d 1129 (D.Nev.1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Burnett v. New York Central Railroad*
    380 U.S. 424 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Castle v. Wells Fargo Financial, Inc.*
    Civ. No. C 06-4347 SI, 2007 WL 1105118 at *1 (N.D.Cal. 2007). . . . . . . 10

*Genarie v. PRD Mgmt., Inc.*
    No. Civ. A. 04-2082(JBS), 2006 WL 436733, at *15 (D.N.J. 2006). . . . . . . 5

*Hoffman v. Sbarro, Inc.*
    982 F. Supp. 249 (S.D.N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

*Hoffman-LaRoche Inc. v. Sperling*
    493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). . . . . . . . . . . . . . . . 5

*Huss v. City of Huntington Beach*
    317 F.Supp.2d 1151 (C.D.Cal.2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Directech Southwest, Inc. Fair Labor Standards Act Litigation*,
    MDL 08-1984, Order (E.D. La. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Israel Antonio-Morales*
    2009 WL 1591172 at *1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Lee v. ABC Carpet & Home*

ii

236 F.R.D. 193 (S.D.N.Y.2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Lew v. Countrywide Financial Corp.*
  2009 WL 1384975, *1 (N.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Owens v. Bethlehem Mines Corp.*
  630 F.Supp. 309 (S.D.W.Va. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Partlow v. Jewish Orphans Home of S. Cal., Inc.*
  645 F.2d 757 (9th Cir.1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9, 10

*Self v. TPUSA, Inc.*
  2009 WL 273326,* 5 (D.Utah 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Smith v. BNSF Railway Co.*
  246 F.R.D. 652 (D.Kan. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stickle v. SCI Western Market Support Center, L.P.*
  2008 WL 4446539, *22 (D.Ariz. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

29 U.S.C. Section 255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

29 U.S.C. Section 256(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

1

## NOTICE OF MOTION

2  **TO:   DEFENDANT AND ITS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that on January 30, 2012, 1:30 p.m., or as soon

4  thereafter as the matter may be heard in the above-entitled court, located at 255 E.

5  Temple Street, Los Angeles, California, 90012, Plaintiffs will and hereby do move

6  this Court for an Order tolling the statute of limitations for the FLSA putative class

7  members until the date Notice is mailed (or an order denying the mailing of notice is

8  issued) and for any other and further relief that is just and proper.

9       The Motion will be based on this Notice, the Memorandum of Points and

10 Authorities and Declarations filed herewith, and the pleadings and papers filed herein.

11

12 DATED:  December 30, 2011        **Marlin & Saltzman LLP**

13

14                                 By: ___/S/   Kiley L. Grombacher_____
                                       Stanley D. Saltzman
                                       Louis M. Marlin
15                                     Marcus J. Bradley
                                       Kiley L. Grombacher

16                                 **Co-Lead Counsel for Plaintiffs
                                   and Plaintiffs' Liaison Counsel**
17

18

19 DATED:  December 30, 2011        **Initiative Legal Group APC**

20

21                                 By: ___/S/   Raul Perez_____
                                       Raul Perez
22                                     Melissa Grant
                                       Suzy E. Lee
23                                 **Co-Lead Counsel for Plaintiffs**

24

25

26

27

28

**Motion for Tolling Statute of Limitations for FLSA Class Members
Case No. CV11-01802-PSG (PLAx)**

## I.      INTRODUCTION

Plaintiffs Evan Hightower, Ann Ross, Roger Al-Chaikh, Carolyn Salazar, Regina M. Simpson, Regina Sturdivant, Kemah Henderson Taquonna Lampkins, Dennis Khutoretsky, Mikhail Lirman, and Boris Shulman ("Plaintiffs") respectfully request that this Court issue an Order tolling the statute of limitations for the class members of the FLSA collective action until the date Notice is mailed (or an order denying the mailing of notice is issued).  Under the Fair Labor Standards Act ("FLSA"), the statute of limitations on a wage claim  is generally two (2) years from the date the employees "opt in" to the case (following notice) -- unless the employer's conduct is deemed "willful," which carries with it a three (3) year statute of limitations. 29 U.S.C. Section 255.  Due to the number of related cases that have been filed and the efforts undertaken by the parties and the Court to effectively and efficiently consolidate the cases, this Court has not made a determination as to Plaintiffs' collective action notification.  As such, despite Plaintiffs' counsels' diligent efforts to expedite the litigation, the employees' claims in the FLSA cases continue to "die daily" until they opt into the action. See e.g., *Hoffman v. Sbarro, Inc.* 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Accordingly, Plaintiffs request that this Court toll the statute of limitations to preserve such claims.

## II.      RELEVANT PROCEDURAL HISTORY

### A.      Filing & Consolidation

Several related cases are currently pending before this Court:

1.      *Salazar, et al. v. JPMorgan Chase Bank, N.A.*, case number 2:11-cv-04294-PSG-PLAx ("Consolidated Salazar/Al Chaikh Action");

2.      *Hightower v. JPMorgan Chase Bank, N.A.*, C.D. Cal. Case No. 11-cv-01802-PSG-PLAx ("Hightower Action");

3.      *Simpson v. JPMorgan Chase Bank,* C.D. Cal.

1

1    11-cv-6061-PSG-FMOx ("Simpson Action");

2         4.    *Henderson v. JPMorgan Chase Bank,* C.D. Cal. Case No.

3    11-cv-03428-PSG-PLAx ("Henderson Action");

4         5.    *Khutoretsky v. JPMorgan Chase & Co.*, C.D. Cal. Case No.

5    11-cv-08147-PSG-PLA ("Khutoretsky Action"); and

6         6.    *Slikker v. JPMorgan Chase Bank, N.A.*, C.D. Cal. Case No.

7    11-cv-09727-PSG-JC ("Slikker Action");

8         On February 17, 2011, Plaintiff Carolyn Salazar ("Plaintiff Salazar") filed a

9    putative class and collective action complaint on behalf of bank tellers against

10   JPMorgan Chase Bank, N.A. ("Defendant") on behalf of bank tellers for various

11   wage and hour claims including but not limited to unpaid overtime wages, unpaid

12   off-the-clock work, unpaid meal or rest break premium pay, untimely and unpaid

13   wages upon termination, inaccurate wage statements, inadequate seating, and

14   unreimbursed business expenses.  On March 2, 2011, only weeks after the Salazar

15   complaint was filed, the Hightower Plaintiffs filed their putative class and

16   collective action complaint.  The *Hightower* Action represents all non-exempt

17   employees including bank tellers (Ross) and personal bankers (Hightower) for

18   claims which overlapped with the *Salazar* Action.  In the wake of these two

19   filings,  several other cases were filed necessitating Defendant to file motions

20   transferring such cases to this Court.  Such efforts to transfer and consolidate the

21   cases caused delay in litigation.

22        **B.    Drafting a Consolidated Complaint**

23        Following the various orders transferring all of the Related Cases to this

24   Court, and as a result of this Court's direction at the November 28, 2011 Status

25   Conference regarding consolidation and coordination of these actions, plaintiffs

26   have had to analyze and assess all of the various complaints and spend

27   Considerable time working to coordinate these claims.

28

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

## C.  Status of Discovery

Since many of the related cases were stayed or transferred shortly after filing, only the *Salazar* plaintiffs were able to propound written discovery upon Defendant.  Defendant, however, has not yet produced substantive responses to such discovery and, although the *Salazar* plaintiffs initially filed a motion to compel, such motion was withdrawn when the Court relieved Defendant of its obligation to file an opposition, as the need to coordinate and consolidate discovery in the interest of judicial economy were paramount.  [Salazar  Dkt.44, 48].

The parties hence have engaged in informal negotiations regarding discovery and have agreed that Plaintiffs shall jointly propound all discovery, responses thereto, and produce responsive documents in a manner that avoids duplicative and overlapping discovery.  Such discovery may be usable in evidence in each Related Case, preserving all valid evidentiary and foundational objections. Additionally, Defendant has agreed to serve on Initiative Legal Counsel ("ILG") and Marlin & Saltzman, LLP ("M&S"):

(1) all written responses of JPMorgan served in any Related Case, including but not limited to JP Morgan's initial disclosures and its responses to requests for production of documents, requests for admission, interrogatories and other written discovery (which identifies the discovery propounded within the response);

(2) copies of all paper documents or electronically-stored information ("ESI") previously produced by JPMorgan either informally or as part of JPMorgan's written responses to written discovery in any Related Action;

(3) relevant employee manuals, policies and procedures pertaining to the claims (excluding the seating claim) set forth in the proposed Consolidated Salazar/Al Chaikh Action, Hightower Action and Khutoretsky Action; and

(4) responses to the discovery served by counsel for the Henderson Action

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

1   pertaining solely to the seating claim.

2        Additionally, the parties have agreed to mediate before Magistrate Judge

3   Abrams the following disputed issues:

4        a.     The production of contact information for putative class members,

5   and if so, the amount of contact information to be produced, what specific

6   information must be provided, the date the information is due, and the format in

7   which the information will be delivered.

8        b.     Whether class discovery is warranted prior to class certification, such

9   as the production of wage records, wage statements, payroll records, and

10  timekeeping records (such as time cards) for putative class members, and if so, the

11  amount of such records to be produced, the date the records are due, and the

12  format in which the information will be delivered.

13       Despite the parties efforts to work cooperatively, Plaintiffs will not receive

14  all the information they need to prepare their motion for conditional class

15  certification for several months- thus further delaying notice to the class members.

16  **III.   GUIDING LEGAL AUTHORITY**

17       **A.     There is No Automatic Tolling of the Statute of Limitations In**

18             **FLSA Collective Actions**

19       Unlike Rule 23 class actions, the commencement of an FLSA collective

20  action does not toll the statute of limitations for putative class members. 29 U.S.C.

21  § 256(b). Thus, absent an order from the court tolling the applicable statute of

22  limitations period, the limitations period for each putative member of the class

23  would be three years (assuming the allegation of a willful violation of the statute)

24  prior to the date he or she opted into the action. *Id*. §§ 255(a), 256(b).  As

25  then-District Judge, now Supreme Court Justice Sotomayor explained, in FLSA

26  cases employees' claims continue to "die daily" until the plaintiff opts into the

27  action. *Hoffman v. Sbarro, Inc.* 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

28

Courts rightfully treat this problem with the utmost seriousness. As the Supreme Court held in *Hoffman-LaRoche v. Sperling*, the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170.  If plaintiffs are not informed of their rights in this lawsuit before their statute of limitations run, the benefits inherent in an FLSA collective action and outlined by the Supreme Court in *Hoffman-La Roche*, will disappear. 493 U.S. at 170.

**B.     This Court May Use Its Equitable Powers To Toll The Statute Of Limitations.**

The equitable tolling doctrine is read into every federal statute of limitations, including the FLSA.  *Genarie v. PRD Mgmt., Inc.*, No. Civ. A. 04-2082(JBS), 2006 WL 436733, at *15 (D.N.J. Feb.17, 2006). This doctrine permits a court to exercise its discretion to extend a plaintiff's statute of limitations. As the Ninth Circuit Court of Appeals has recognized, equitable tolling is "read" into the Fair Labor Standards Act and courts regularly grant equitable tolling in FLSA cases.  See *Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir.1981) (abrogated on other grounds by *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); see also; *Huss v. City of Huntington Beach*, 317 F.Supp.2d 1151, 1161 (C.D.Cal.2000) ("Section 255(a) is, however, subject to the doctrine of equitable tolling"); *Beauperthuy v.24 Hour Fitness USA, Inc.*, 2007 WL 707475, *7-8 (N.D. Cal. March 6, 2007) (granting equitable tolling in FLSA collective action).[1]

---

[1] In fact, equitable tolling of FLSA cases is regularly granted in courts throughout the country.  See also *In re Directech Southwest, Inc. Fair Labor Standards Act Litigation*, MDL 08-1984, Order (E.D. La. March 3, 2009) (ordering tolling of FLSA plaintiffs and opt-in plaintiffs' statute of limitations until the Court ruled on summary judgment); *Lew v.*

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

1   "[E]quitable tolling concerns itself with the equities of dismissal for

2   untimely filing caused by factors independent of the plaintiff. Accordingly, we

3   must ask whether it would be unfair or unjust to allow the statute of limitations to

4   act as a bar to [a plaintiff's] claim." *Beauperthuy* 2007 WL 707475 at *7-8

5   (internal citations omitted)[2].

6   In *Partlow*, the Ninth Circuit  held that equitable tolling in an FLSA action

7   was proper to prevent the expiration of plaintiffs' claims because of delays in the

8   case not due to the fault of the plaintiffs.  *Partlow v. Jewish Orphans' Home of*

9   *Southern Cal., Inc.*, 645 F.2d 760-61. *In Partlow*, the Ninth Circuit set forth two

10   factors that warrant a toll in FLSA actions: 1) plaintiffs themselves have done

11   nothing wrong and 2) "the practical effect of not tolling the statute would be to bar

12

13   ───────────────

14   *Countrywide Financial Corp.*, 2009 WL 1384975, *1 (N.D. Cal. Feb. 24, 2009) (granting
motion to toll statute of limitations while case stayed during the California Supreme Court's

15   review of *Brinker*.); *Self v. TPUSA, Inc.*, Case No. 08-cv-395, 2009 WL 273326,* 5 (D.Utah,
February 4, 2009) (granting tolling to FLSA collective action plaintiffs); *Stickle v. SCI*

16   *Western Market Support Center, L.P.*, 2008 WL 4446539, *22 (D.Ariz. Sept. 30, 2008)
(applying FLSA tolling where (1) defendant would not be prejudiced; and (2) without the

17   tolling "the inherent benefits of the collective action [would]disappear"); *Baldozier v.*

18   *American Family Ins. Mutual,* 375 F.Supp.2d 1089, 1092-93 (D. Colo. 2005) (granting
equitable tolling back to date complaint was filed where defendant refused to provide contact

19   information for class members). *Cf Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309

20   (S.D.W.Va. 1986) (applying equitable tolling of statute of limitations in ADEA context
where ruling on motion for certification was not issued until more than a year after the

21   motion was filed).

22

23   [2] The Tenth Circuit has not ruled on the standard to be applied for equitable tolling in
FLSA cases, although several district courts in the Tenth Circuit, including the District of

24   Kansas, have analyzed the issue using various standards. *See e.g.*, *Smith v. BNSF Railway*

25   *Co.*, 246 F.R.D. 652 (D.Kan. 2007) (analyzing issue under Tenth Circuit's test for equitable
tolling in Title VII cases and under the Sixth Circuit's factor test for equitable tolling under

26   the FLSA); see also *Allison v. Frito-Lay, Inc.*, 1992 WL 123799, *4 (D. Kan. March 27,

27   1992) (analyzing FLSA equitable tolling argument under Title VII test of "active
deception.").

28

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

forever any claim" the employees had against the defendant. *Partlow*, 645 F.2d at 760. As a policy matter, the Ninth Circuit reasoned a toll is particularly necessary when the delay will prevent the employees' claims from even being heard. *Partlow*, 645 F.2d at 760.

As discussed in the next section, the Plaintiffs in the Related Cases satisfy the two-part test set forth by the Ninth Circuit in *Partlow* to warrant a toll of the FLSA statute of limitations.

## IV.   ANALYSIS

### A.   Equitable Tolling is Justified in this Case To Prevent The Loss of Class Member Claims

Circumstances exist in this litigation to justify equitable tolling. In *Israel Antonio-Morales*, the United States Department of Justice filed a motion to stay plaintiffs' FLSA collective action pending prosecution of a criminal case against defendants. 2009 WL 1591172 at *1 (E.D. La. April 20, 2009). Plaintiffs did not oppose the stay but requested equitable tolling of the statute of limitations, which was granted by the Court:

> The Court finds that equitable tolling is particularly appropriate in this case. Potential opt-ins stand to forfeit their claims through no fault of their own during the pendency of the stay, and Plaintiffs' counsel will be precluded from seeking judicial assistance pursuant to 29 U.S.C. § 216(b) to obtain information necessary to effectively issue notice to affected workers.

*Id*. at *1-2.

If not tolled, the statute of limitations could act to deprive consenting employees of their right of action. *Partlow*, 645 F.2d 761; see also *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y.2006) (holding that "the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations.").

Here, the related cases pending before this court have been procedurally hamstrung and delayed by consolidation and organizational issues. Following the

7

1  transfer of the related cases and as a result of the proposed consolidation and

2  coordination of these actions, plaintiffs have had to analyze and assess all of the

3  various complaints and spend considerable time working to coordinate these

4  claims.

5      As such, although the *Salazar* and *Hightower* cases have been pending for

6  approximately nine months and counsel for both sides has been diligently

7  prosecuting such cases, this Court has not made a determination as to Plaintiffs'

8  collective action notification. As such, there is a real danger that the inherent

9  benefits of the collective action "will disappear" if plaintiffs are not notified of the

10  suit before their statute of limitations expires. Similarly, here, without tolling the

11  statute of limitations, Plaintiffs will have lost the time between the filing of the

12  complaints and the filing of the instant Motion that they could have used to notify

13  potential class members. *Id*.

14      In such cases, notice to the class members is often critical.  There are a

15  myriad of obstacles facing employees who wish to file a lawsuit against their

16  employee on an individual basis.  As the California Supreme Court noted in

17  *Gentry v. Superior Court* 42 Cal.4th 443, 785-786 (2007):

18      [e]mployees will seldom have detailed personal records of hours
       worked. Their case ordinarily rests on the credibility of vague

19      recollections and requires them to litigate complex overtime formulas
       and exemption standards. For current employees, a lawsuit means

20      challenging an employer in a context that may be perceived as
       jeopardizing job security and prospects for promotion. If the

21      employee files after termination of employment, the costs of litigation
       may still involve travel expenses and time off from work to pursue

22      the case, and the value of any ultimate recovery may be reduced by
       legal expenses...Third, some individual employees may not sue

23      because they are unaware that their legal rights have been violated....it
       may often be the case that the illegal employer conduct escapes the

24      attention of employees.

25      Similarly, in this case, employees who may not have the knowledge or

26  resources to enforce their rights individually may nevertheless relish the

27  opportunity to opt-into this case, however, if the statute of limitations is not tolled

28

---

8

**Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

1    many individuals may be barred.

2          The situation presented by this litigation is similar to the circumstances in

3    *Israel Antonio- Morales* and the Bank of America MDL litigation in which Marlin

4    & Saltzman, one of the plaintiffs' counsel is involved. In the Bank of America

5    MDL litigation, much like the case at bar, the Bank of America MDL plaintiffs'

6    efforts at discovery and collective action certification were stalled through no fault

7    of their own.  Here the process of consolidating the various related cases,

8    negotiating a discovery plan and formulating a lead counsel structure has taken

9    several months.  While counsel for Plaintiffs and Defendant have been negotiating

10   regarding the class list, no contact information has been provided to date and, thus,

11   no notice regarding these consolidated cases has been provided to the class.

12   Although the parties and the Court have diligently endeavored to expedite this

13   process, the claims of injured class members are nevertheless being lost.  An

14   equitable toll will allow the parties and the Court to organize the case, engage in

15   full and proper discovery and permit plaintiffs a full opportunity to prepare their

16   motion for collective action certification.

17         **B.      Defendants Will Not be Prejudiced by an Equitable Toll**

18         The Ninth Circuit has also reasoned that a toll is proper when defendants

19   will not face substantial hardship in defending the claims.  *Partlow*, 645 F.2d at

20   761. The Ninth Court explained that a statute of limitations is designed to ensure

21   fairness to defendants and to "notify them of claims that they must defend before

22   the claims grow stale." *Partlow*, 645 F.2d at 761 (citing *Burnett v. New York*

23   *Central Railroad*, 380 U.S. 424, 428 (1965)). Defendants in a FLSA action are not

24   prejudiced once they are aware of the claims and commence their investigation.

25   Following the lead of the Ninth Circuit, courts in this district and other circuits

26   have consistently ordered equitable tolls in FLSA cases. (*See, e.g*., *Beauperthuy v.*

27   *24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007);

28

9

1  *Adams v. Inter-Con Security Systems*, 242 F.R.D. 530, 542-543 (N.D. Cal. April

2  11, 2007); *Castle v. Wells Fargo Financial, Inc.*, 2007 WL 1105118 at *1

3  (N.D.Cal. Apr. 10, 2007).)

4        Here, Defendant will not be prejudiced by an equitable toll. Defendant has

5  been fully aware of its scope of potential liability for more than a year, and has had

6  unlimited and exclusive access to the putative class members and their

7  payroll/time records to thoroughly investigate their claims.

8  **V.   CONCLUSION**

9        Based on the foregoing, Plaintiffs respectfully requests that this Court issue

10  an order tolling the statute of limitations for the putative class member FLSA

11  claims until the date Notice is mailed (or an order denying the mailing of notice is

12  issued) and for any other and further relief that is just and proper.

13

14  DATED:  December 30, 2011      **Marlin & Saltzman LLP**

15

16                    By:  /S/  Kiley L. Grombacher
                         Stanley D. Saltzman

17                           Louis M. Marlin
                         Marcus J. Bradley
                         Kiley L. Grombacher

18

19                    **Co-Lead Counsel for Plaintiffs
                  and Plaintiffs' Liaison Counsel**

20  DATED:  December 30, 2011      **Initiative Legal Group APC**

21

22                    By:  /S/  Raul Perez

23                           Raul Perez
                         Melissa Grant

24                           Suzy E. Lee
                  **Co-Lead Counsel for Plaintiffs**

25

26

27

28

**Motion for Tolling Statute of Limitations for FLSA Class Members
Case No. CV11-01802-PSG (PLAx)**