**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
(818) 991-8080; Fax (818) 991-8081
ssaltzman@marlinsaltzman.com
louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**LAW OFFICES OF RHEUBAN & GRESEN**
Solomon E. Gresen, Esq. (SBN 164783)
Steven V. Rheuban, Esq. (SBN 48538)
15910 Ventura Boulevard, Suite 1610
Encino, California 91436
Telephone: (818) 815-2727
Facsimile: (818) 815-2737
seg@rglawyers.com
svr@rglawyers.com

Attorneys for Plaintiffs Evan Hightower, Ann Ross, Regina M. Simpson and Regina Sturdivant

(*Additional Counsel Information on Subsequent Page*)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN HIGHTOWER and ANN ROSS, individually and on behalf of other individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO. CV11-01802-PSG (PLAx)**<br><br>Related Cases:<br>2:11-cv-04294-PSG-PLAx<br>11-cv-6061-PSG-FMOX<br>11-cv-03428-PSG-PLAx<br>11-cv-08147-PSG-PLAx<br>11-cv-09727-PSG-JC<br><br>Hon. Philip S. Gutierrez<br><br>**REPLY IN SUPPORT OF MOTION FOR TOLLING OF STATUTE OF LIMITATIONS FOR FLSA CLASS MEMBERS**<br><br>DATE: January 30, 2012<br>TIME: 1:30 p.m.<br>CTRM: 880 |

Raul Perez (SBN 174687)
rperez@initiativelegal.com
Melissa Grant (SBN 205633)
mgrant@initiativelegal.com
Suzy E. Lee (SBN 271120)
suzylee@initiativelegal.com
**INITIATIVE LEGAL GROUP APC**
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029

William B. Sullivan (SBN 171637)
Kevin D. Sullivan (SBN 270343)
ksullivan@sullivanandchristiani.com
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
Telephone:  (619) 702-6760
Facsimile:   (619) 702-6761

Attorneys for Plaintiffs
Carolyn Salazar and Roger Al-Chaikh

**Reply In Support of Motion for Tolling Statute of Limitations for FLSA Class Members**

Case No. CV11-01802-PSG (PLAx)

## I. INTRODUCTION

Defendant's Opposition to Plaintiff's Motion to Toll is littered with inapposite and out of circuit authority, which does little more than convolute the simple issue before this Court– namely, whether the delay stemming from the coordination and consolidation of the cases pending before this Court amount to "extraordinary circumstances" which necessitate the issuance of a brief toll of the statute of limitations for putative class members. While Defendant devotes substantial portions of its Opposition papers to legislative authority and extra-jurisdictional authority, the law in the Ninth Circuit is clear on the issue of equitable tolling. In this Circuit, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, <u>or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time</u>." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999) (emphasis added). In fact, the Ninth Circuit has implied the doctrine of equitable tolling into the Fair Labor Standards Act ("FLSA") upon which many of the claims in this action are predicated. *Partlow v. Jewish Orphans Home of Southern Cal., Inc*. 645 F.2d 757, 760 (9th Cir.1981) (abrogated on other grounds by *Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480); see *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d 1129, 1140 (D.Nev.1999) (recognizing the implication).

Plaintiff submits that the weeks spent by the parties and the Court consolidating and coordinating these cases justifies the brief toll requested, particularly as Defendant will not be prejudiced by such relief. As the district court aptly noted in *Beauperthuy v. 24 Hour Fitness USA, Inc*:

> [E]quitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiff. Accordingly, we must ask whether it would be unfair or unjust to allow the statute of limitations to act as a bar to [a plaintiff's] claim.

*Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (N.D.Cal. Mar.6,

1

**Reply In Support of Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

2007.)

The efforts expended by the Court and parties in consolidating the various cases pending before this Court far exceeds the usual delays that routinely occur in the ordinary course of litigation and which have been deemed by other courts insufficient to merit the relief requested herein.  Accordingly, it would be unfair to permit such extraordinary delays, which were outside the control of the Plaintiffs and the putative class members, to have the practical effect of robbing the class members of their rightful claims.  As such, Plaintiffs request that this Court issue a limited toll lasting from the time of this Order to the date on which Notice is mailed (or an order denying the mailing of notice is issued) and for any other and further relief that is just and proper.

## II. ANALYSIS

### A. The Consolidation Delay Constitutes An Extraordinary Circumstance Necessitating the Brief Toll

In its Opposition papers, Defendant disputes that the delays suffered in these litigations amount to the extraordinary circumstances necessary to justify issuance of the toll.  Specifically, Defendant transparently characterizes the consolidation as "ordinary litigation circumstances" and argues that they "do not warrant the extraordinary and drastic remedy of tolling the potential collective action members' statute of limitations". (Opposition [Dkt. 38] at 4.)   The flaws in this argument are two fold: (1) the delays in this case clearly exceed "ordinary litigation circumstances"; and (2) the legal authority upon which the argument is predicated are inapposite.

First, the unique delays at issue here stem from coordinating and consolidating multiple cases implicating numerous and divergent state and federal laws.  These issues are both uncommon and far more complex than those typically

encountered in FLSA litigation (such as in the cases cited by Defendant). While discovery disputes and motion practice – both of which delay litigation– are inherent to most litigation, grappling with issues of multi-case consolidation are far rarer.

Secondly, the "procedural" cases cited by the Defendant are factually distinguishable[1]. <u>None of the cases involve the unusual and length delays stem from consolidation – the very factual scenario before this Court</u>.

Not surprisingly, Defendant turns a blind eye to the numerous opinions that expressly grant equitable tolling of FLSA claims where the case's litigation posture delayed consideration of the motion for conditional certification and notice. See, e.g., *Stickle v. SCIWestern Market Support Center, L.P.*, 2008 WL 4446539, at *21–22 (D.Ariz. Sep.30, 2008) (equitably tolling the FLSA statute of limitations where court delayed ruling on the plaintiffs' collective action pending determination of defendant's motion to dismiss); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 at *8 (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation and the competition between attorneys that occurred during the settlement of related action); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y.2006)

---

[1] Specifically, *Hintergerber v. Catholic Health Sys.,* No. 08-CV-380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009); *Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1156 (E.D. Cal. 2007); *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587, 2008 WL 820140, at *2 (D. Nev. Mar. 20, 2008); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1129 (N.D. Cal. 2009); *Pendlebury v. Starbucks Coffee Co.*,2008 WL 700174, at *4 (S.D. Fla. Mar. 13, 2008); *Veliz v. Cintas Corp.*, No.03-1180, 2007 WL 841776, at * 5 (N.D. Cal. Mar. 20, 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004(9th Cir. 2006); *Goudie v. Cable Communications, Inc.*, No. 08-507, 2008 WL 4861649,at *3 (D. Or. Nov. 8, 2008); and *Noble v. Serco, Inc.*, 2009 WL 3254143, at *3 (E.D. Ky. Oct. 7, 2009).

3
**Reply In Support of Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

("Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations.").

Tolling is similarly merited here. If not tolled, the statute of limitations could deprive consenting employees of their right of action. *Partlow*, 645 F.2d 761; see also *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y.2006) (holding that "the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations."). Here, the Court has not yet made a determination as to Plaintiffs' collective action notification. To complicate the matter, based on discussions with the magistrate, it appears that precertification communications will be sent to a percentage of the putative class members for the purposes of conducting discovery. Such communications will have the practical effect of notifying these individuals of the pending litigation. These randomly selected class members will be afforded the opportunity to preserve their claims, yet other class members will receive no notification until after the motion for conditional certification has been filed. The inequity of this situation is clear.

As the Supreme Court noted in *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires. Similarly, here, if the statute of limitations is not tolled the consolidation process will rob Plaintiffs of the time from the filing of their complaints until the time that the Court can hear and decide the motion for conditional class certification.

### B. Despite its Protestations, Defendant Will Not Be Prejudiced

While Defendant contends that any tolling of the statute of limitations

1  would prejudice Defendant, this argument is unavailing. Chase contends that if
2  the Court were to permit tolling it would effectively lose the benefit of the now
3  running statute of limitations clock. Such "prejudice" could be found in any
4  FLSA case, yet Courts in the Ninth Circuit consistently order equitable tolls in
5  FLSA cases. See, e.g., *Beauperthuy v. 24 Hour Fitness USA*, Inc., 2007 WL
6  707475 at *8 (N.D. Cal. Mar. 6, 2007); *Adams v. Inter-Con Security Systems*, 242
7  F.R.D. 530, 542-543 (N.D. Cal. April 11, 2007); *Castle v. Wells Fargo Financial,*
8  *Inc.*, 2007 WL 1105118 at *1 (N.D.Cal. Apr. 10, 2007). Defendant does not-and
9  cannot-point to any reason why it would suffer prejudice due to equitable tolling
10 which would be unique to the circumstances of this action, instead relying on a
11 vague and conclusory pronouncement.
12      As the Ninth Court explained, statutes of limitations are designed to ensure
13 fairness to defendants and to "notify them of claims that they must defend before
14 the claims grow stale." *Partlow*, 645 F.2d at 761 (citing *Burnett v. New York*
15 *Central Railroad*, 380 U.S. 424, 428 (1965)). Defendant has been fully aware of
16 its scope of potential liability for more than a year, and has had unlimited and
17 exclusive access to the putative class members and their payroll/time records to
18 thoroughly investigate their claims. Accordingly, Defendant cannot truly be heard
19 to argue that it would be prejudiced by the brief toll requested.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

5

**Reply In Support of Motion for Tolling Statute of Limitations for FLSA Class Members**
**Case No. CV11-01802-PSG (PLAx)**

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court issue an order tolling the statute of limitations for the putative class members' FLSA claims until the date Notice is mailed (or an order denying the mailing of notice is issued) and for any other and further relief that is just and proper.

DATED: January 13, 2012        **Marlin & Saltzman LLP**

By: /S/ Kiley L. Grombacher
   Marcus J. Bradley
   Kiley L. Grombacher

**Co-Lead Counsel for Plaintiffs
and Plaintiffs' Liaison Counsel**

DATED: January 13, 2012        **Initiative Legal Group APC**

By: /S/ Suzy E. Lee
   Raul Perez
   Melissa Grant
   Suzy E. Lee
**Co-Lead Counsel for Plaintiffs**