UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1802 PSG (PLAx) | Date | 9/12/2012 |
|---|---|---|---|
| Title | Hightower v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers): Order GRANTING in part and DENYING in part Defendant's motion to dismiss**

Before the Court is Defendant JPMorgan Chase's ("Defendant" or "Chase Bank") motion to dismiss Plaintiffs' Second Amended Consolidated Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) and to strike Plaintiffs' prayer for injunctive relief pursuant to Fed. R. Civ. P. 12(f). *See* Dkt. # 64. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to the motion, the Court GRANTS in part and DENIES in part Defendant's motion.

I. Background

This motion arises out of a labor and employment class action in which Plaintiffs allege that Chase Bank committed various violations of federal and state labor laws. The original action was filed by named Plaintiff Evan Hightower on March 2, 2011. The action was subsequently consolidated with four other cases against Chase Bank alleging improper labor practices. *See* Dkt. #27. Plaintiffs then filed two separate consolidated complaints, one to address alleged wage and hour violations and one to address allegations that Chase Bank failed to provide class members with suitable seats during the course of their employment. *See id*.

On June 4, 2012, Plaintiffs filed their SAC in the wage and hour case. In their SAC, Plaintiffs alleged eight causes of action: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), based on allegations that Defendant failed to properly calculate employee compensation, failed to pay overtime, erased or modified records of employees' overtime hours, and required employees to work off-the-clock without compensation; (2) violation of the California Labor Code, CAL. LAB. CODE §§ 1194, *et seq.* (West 2011), alleging the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1802 PSG (PLAx) | Date | 9/12/2012 |
|---|---|---|---|
| Title | Hightower v. JPMorgan Chase Bank, N.A., et al. | | |

violations upon which the first claim for relief is based; (3) failure to pay minimum wage, in violation of CAL. LAB. CODE §§ 1194, 1197 &1197.1 *et seq*. (West 2011); (4) failure to reimburse business expenses, in violation of CAL. LAB. CODE §§ 2800 & 2802 (West 2011); (5) forfeiture of vacation pay, in violation of CAL. LAB. CODE § 227.3 (West 2011); (6) failure to furnish accurate itemized wage statements, in violation of CAL. LAB. CODE § 226 (West 2011); (7) failure to pay wages upon discharge, in violation of CAL. LAB. CODE §§ 201-203 (West 2011); and (8) violation of CAL. BUS. & PROF. CODE §§ 17200 *et seq.* (West 2011).

On July 3, 2012, Defendant moved to dismiss the allegation that defendant used an improper system to calculate employee compensation, which is among the allegations supporting Plaintiffs' First, Second, and Eighth claims for relief, and to strike Plaintiffs' prayer for injunctive relief. According to Plaintiffs, Chase Bank used a standard and uniform accounting system in which it converted the number of minutes employees worked, recorded on a scale of one minute to sixty minutes, into a fraction of an hour and then converted that fraction to a decimal system. *SAC* ¶¶ 44-46. For periods of time that do not divide evenly into sixty, the system rounds to the nearest hundredth. Thus, for example, an employee who logged twenty minutes of work would be paid for 33 percent of an hour: the time would be converted to a fraction, 20/60, then reduced to the decimal .33, rounding the infinitely repeating decimal down to the nearest hundredth. *Id.* at ¶ 44. Similarly, pursuant to the system described by Plaintiffs in their Complaint, an employee who logged 40 minutes of work would be paid for 67 percent of an hour, as the fraction 40/60 would be reduced to the decimal .666 then rounded up to the nearest hundredth. *See id.* In their Complaint, Plaintiffs allege that this system violates the FLSA and the California Labor Code by failing to pay employees for all the time that they worked. *Id.* at ¶¶ 44-46. However, none of Plaintiffs' specific claims are contingent upon these allegations, so dismissal of the allegations relating to the rounding system would not lead to the dismissal of any of Plaintiffs' causes of action.

## II. Legal Standard

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the U.S. Supreme Court has instructed that "a complaint that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 678-79. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it has "no essential or important relationship to the claim for relief or the defenses being pleaded" and is impertinent if it "consists of statements that do not pertain, or are not necessary to the issues in question." *Willner v. Manpower Inc.*, No. C 11-2846 JSW, 2012 WL 1570789, at *2 (N.D. Cal. May 3, 2012) (internal citations omitted). In general, motions to strike are viewed with disfavor and granted only infrequently. *Id.*; *Lazar v. Trans Union, LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). However, a motion to strike may be properly granted where a plaintiff seeks a form of relief that is not available as a matter of law. *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1244-45 (C.D. Cal. 2011).

III. Discussion

A. Motion to Dismiss

Plaintiffs allege that the rounding system Chase Bank used to calculate employee pay violates the FLSA and the California Labor Code because it resulted in failure to pay employees for all the time that they actually worked. *SAC* ¶ 44-46. Defendant moved to dismiss the allegations regarding the rounding system, arguing that: (1) Plaintiffs have failed to allege that the rounding system violates the FLSA or the California Labor Code because the system itself

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-1802 PSG (PLAx) | Date | 9/12/2012 |
| Title | Hightower v. JPMorgan Chase Bank, N.A., et al. | | |

has a mathematically equal probability of overpaying employees as it has of underpaying them and that Plaintiff has pleaded no facts upon which the Court could reasonably infer that the practice resulted in consistent underpayment; and (2) Plaintiffs have alleged only de minimis injuries, which are not recoverable.

However, Defendant's motion to dismiss is improper because Defendant has moved only to dismiss certain allegations supporting Plaintiffs' claims for relief, but has not moved to dismiss any of Plaintiffs' claims themselves. Such a motion is improper because "[a] motion to dismiss for failure to state a claim cannot be used to challenge individual allegations within a claim while the underlying claim is not itself challenged." *Lopez v. City of Tulare,* No. CV-F-11-1547-LJO-BAM, 2012 WL 33244, at *4 (E.D. Cal. Jan. 6, 2012). *See also Social Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-4910, YGR, 2012 WL 381216, at *2 (N.D. Cal. Feb. 6, 2012) ("A motion under Rule 12(b)(6) may not be used to challenge only certain allegations within a claim, but rather such a challenge must be made by way of a motion to ;921;921strike under Rule 12(f)."); *Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) ("The Court is unaware, however, of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged. Rather, in such situations, the challenge must be brought pursuant to Rule 12(f)."); Schwarzer, Tashima, & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 9:188.1 (The Rutter Group 2011) ("A Rule 12(b)(6) motion cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged. Rather, such a challenge must be made by motion to strike under Rule 12(f).").

Because Defendant moves to dismiss only specific allegations supporting Plaintiffs' claims and not any of the claims themselves, the motion should have been brought as a motion to strike pursuant to Rule 12(f). Though Plaintiff did not object to the motion on this ground, the Court's review of the complaint indicates that dismissal of the allegations relating to the improper rounding policy would not be determinative of any of Plaintiffs' causes of action, as the rounding policy is merely one of several theories upon which Plaintiffs base their claims for relief. Accordingly, Defendant's motion to dismiss the allegations regarding the improper rounding policy is not properly before the Court. While some courts have, at their discretion, construed such motions to dismiss as motions to strike, no party in the instant case has argued that the instant motion should be treated as a motion to strike. *See Thompson*, 657 F. Supp. 2d at 1129. Given that motions to strike are disfavored and the parties have failed to recognize the issue, the Court declines to do so on its own. Therefore, Defendant's motion to dismiss is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-1802 PSG (PLAx) | Date | 9/12/2012 |
| Title | Hightower v. JPMorgan Chase Bank, N.A., et al. | | |

B. Motion to Strike

Defendant also moves to strike Plaintiffs' prayer for injunctive relief, arguing that Plaintiffs do not have standing to request injunctive relief because they are no longer employed by Chase Bank. To have standing, a plaintiff must prove the following three elements: (1) injury in fact, that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical; (2) a causal connection between the injury and the alleged conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The third prong, redressability, may operate as a bar to claims for injunctive relief by former employees against their former employer because a former employee does not stand to benefit from an injunction requiring the employer to refrain from unlawful practices. *See Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006). As a general rule, a former employee may not maintain a claim for injunctive relief against a former employer unless there is a possibility that he will return to work with the former employer. *Id.* ("Some case law in this circuit indicates that a non-employee may have standing to sue for injunctive relief against an employer, but those non-employees were in the process of seeking reinstatement to their former positions, or seeking work from that employer."); *Labriola v. Bank of Am.*, No. C 12-79 CW, 2012 WL 1657191, at * 7 (N.D. Cal. May 10, 2012) (finding that a plaintiff had standing to seek injunctive relief against his former employer because there was a prospect that he could return to work with that employer); *Heffelfinger v. Elec. Data Sys. Corp.*, No. CV 07-00101 MMM (Ex), 2008 WL 8128621, at *17 (C.D. Cal. Jan. 7, 2008) (holding that former employees lacked standing to seek prospective injunctive relief against their former employer under California's Unfair Competition Law).

Here, Plaintiffs have not alleged that any of them intends to seek future employment with Chase Bank. Therefore, they have not alleged facts that would support a claim for injunctive relief. *See Willner*, 2012 WL 1570789, at *9 (granting defendant's motion to strike a claim for injunctive relief by defendant's former employee because plaintiff had failed to "allege that she intends to return to work for [defendant] in the future."). Accordingly, the Court GRANTS Defendant's motion to strike Plaintiffs' prayer for injunctive relief, and provides Plaintiffs with leave to amend.

IV. Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-1802 PSG (PLAx) | Date | 9/12/2012 |
| Title | Hightower v. JPMorgan Chase Bank, N.A., et al. | | |

In sum, Defendant's motion to dismiss Plaintiffs' allegations relating to the rounding policy is not properly before the Court and is therefore DENIED. However, because Plaintiffs have not alleged facts that would entitle them to injunctive relief, Defendant's motion to strike Plaintiffs' prayer for injunctive relief is GRANTED, with leave to amend. Plaintiffs may file a Third Amended Consolidated Class Action Complaint not later than **October 3, 2012**.

_______ : _______

Initials of Deputy Clerk _______________

cc: